IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THERESA SLACHTA | : | JURY TRIAL DEMANDED |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | CASE NO.: |
| AVENTURA AT CREEKSIDE, | : | |
| LLC, AND AVENTURA HEALTH | : | |
| GROUP, LLC | : | |
|     Defendants | | |

COMPLAINT

Plaintiff Theresa Slachta ("Ms. Slachta") by her attorney, George R. Barron, Esquire, for her Complaint alleges as follows:

JURISDICTION AND VENUE

1. This action for declaratory, injunctive, monetary and other appropriate relief is brought by named Plaintiff against the Defendants to redress intentional violations by Defendants of rights secured by the laws of the United States and the statutory and common law of the Commonwealth of Pennsylvania.

2. Defendants wrongfully discriminated against, wrongfully terminated, and unlawfully deprived Ms. Slachta of her rights under the, Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pennsylvania Human Relations Act ("PHRA").

1

3. This Court has jurisdiction over this action pursuant to, *inter alia*, 28 U.S.C. §§1331 and 1367. Venue is proper in the Middle District of Pennsylvania under 28 U.S.C. § 1391(b) because most of the events and omissions complained of occurred in this judicial district.

4. Ms. Slachta filed a Charge with the Equal Employment Opportunity Commission ("EEOC"), dual filed with the Pennsylvania Human Relations Commission ("PHRA") on September 25, 2019 and received a Right to Sue letter on March 5, 2021. All statutory and jurisdictional prerequisites to suit have been met.

## THE PARTIES

5. Plaintiff Theresa Slachta is a resident of Dunmore, Pennsylvania.

6. Defendant Aventura at Creekside LLC, and Defendant Aventura Health Group, LLC (collectively "Defendants"), are both Pennsylvania Limited Liability Companies with a place of business at 45 North Scott St., Carbondale, PA 18407.

## STATEMENT OF FACTS

7. Ms. Slachta was employed by Defendants or their predecessors from approximately 2002 to May 20, 2019.

8. From approximately 2002 to May 20, 2019, Ms. Slachta worked at the skilled nursing facility located at 45 North Scott Street, Carbondale,

Pennsylvania ("the Carbondale facility").

9. Ms. Slachta began her career at the Carbondale facility as a Licensed Practical Nurse.

10. In the course of her seventeen (17) year career at the Carbondale facility, Ms. Slachta worked her way up through positions of increasing responsibility.

11. In the course of her seventeen (17) year career at the Carbondale facility, Ms. Slachta held the positions of Registered Nurse, Charge Nurse, Assistant Director of Nursing, Director of Nursing and Nursing Home Administrator.

12. Ms. Slachta became Nursing Home Administrator ("NHA") of the Carbondale facility in approximately 2012.

13. Ms. Slachta was qualified for the position of NHA.

14. At the time of her termination, Ms. Slachta was 69 years of age.

15. Ms. Slachta is female.

16. Upon information and belief, Defendants began managing the Carbondale facility on December 1, 2018.

17. Upon information and belief, Defendants also purchased two (2) other skilled nursing facilities in Pennsylvania in or about December 2018.

18. Upon information and belief, Moishe Kaszier ("Mr. Kaszier") is Defendant's Chief Operating Officer ("COO").

19. From December 2018 to May 20, 2019, Mr. Kaszirer was Ms. Slachta's immediate supervisor.

20. Upon information and belief, Mr. Kaszirer is approximately 40 years of age, and is significantly younger than Ms. Slachta.

21. On or about May 20, 2019, Mr. Kaszirer informed Ms. Slachta that Defendants were terminating her employment.

22. Upon information and belief, Mr. Kaszier made the decision to terminate Ms. Slachta's employment.

23. In the course of the termination meeting, Mr. Kaszirer told Ms. Slachta "maybe you are in healthcare too long."

24. In the course of the termination meeting, Mr. Kaszirer told Ms. Slachta "you're old enough that you don't have to work anymore".

25. Defendants attributed Ms. Slachta's termination to Department of Health ("DOH") citations issued to the Carbondale facility months earlier.

26. Prior to the date of her termination, Defendants did not indicate that they blamed Ms. Slachta for the DOH citations.

27. Upon information and belief, Defendants formally disputed the DOH citations, and hired a third party compliance consultant that concluded the DOH citations should not have been issued.

28. In the course of the termination meeting, Mr. Kaszirer asked Ms. Slachta's permission to tell Carbondale facility's staff that Ms. Slachta had retired.

29. Ms. Slachta told Mr. Kaszirer that she had no intention of retiring, and refused to give Mr. Kaszirer permission to so inform the Carbondale facility's staff.

30. Upon information and belief, Defendants nonetheless informed the Carbondale facility's staff that Ms. Slachta had retired.

31. On or about May 20, 2019, Defendants replaced Ms. Slachta with a substantially younger male NHA.

32. Upon information and belief, the male NHA chosen to replace Ms. Slachta was approximately thirty (30) years of age, significantly younger than Ms. Slachta.

33. Upon information and belief, when Defendants purchased the three (3) Pennsylvania nursing home facilities in or around December 2018, two (2) of those facilities had female NHAs.

34. Ms. Slachta was one of the two female NHAs.

35. Upon information and belief, in or about May 2019, Defendants replaced the other female NHA with a male NHA.

36. Upon information and belief, the male NHA that pre-dated Defendant's ownership of the facility was not replaced, and is still employed as a NHA.

37. Upon information and belief, Defendants systematically replaced female NHAs with male NHAs.

38. Upon information and belief, Defendants systematically replaced NHAs over the age of 40 with significantly younger NHAs.

39. Upon information and belief, the significantly younger male NHA that Defendants chose to replace Ms. Slachta had significantly less experience than Ms. Slachta.

40. Upon information and belief, the significantly younger male NHA that Defendants chose to replace Ms. Slachta was less qualified for the position than Ms. Slachta.

## COUNT ONE
## AGE DISCRIMINATION IN VIOLATION OF
## THE AGE DISCRIMINATION IN EMPLOYMENT ACT

41. All previous paragraphs are incorporated herein and referenced as if set forth in full.

42. At all times relevant hereto, Ms. Slachta was more than forty (40) years of age.

43. At all times relevant hereto, Ms. Slachta was qualified for the position of NHA.

44. On or about May 20, 2019, Defendants terminated Ms. Slachta's employment and replaced her with a substantially younger individual.

45. Defendants terminated Ms. Slachta's employment because of her age.

46. Defendants knew or should have known that its termination of Ms. Slachta's employment was prohibited the law.

47. Based upon the foregoing, Ms. Slachta alleges that Defendants did violate the Age Discrimination in Employment Act.

## COUNT TWO
## AGE DISCRIMINATION IN VIOLATION OF
## THE PENNSYLVANIA HUMAN RELATIONS ACT

48. All previous paragraphs are incorporated herein and referenced as if set forth in full.

49. Based upon the foregoing, Ms. Slachta alleges that Defendants did violate the Pennsylvania Human Relations Act.

## COUNT THREE
## SEX DISCRIMINATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

50. All previous paragraphs are incorporated herein and referenced as if set forth in full.

51. Defendants replaced Ms. Slachta, a female, with a male NHA.

52. When Defendants purchased the three (3) Pennsylvania nursing home facilities, two (2) of those facilities had female NHA's.

53. Upon information and belief, in or about May 2019, Defendants replaced the other female NHA with a male NHA.

54. Upon information and belief, the male NHA that pre-dated Defendant's ownership of the facility was not replaced, and is still employed as NHA.

55. Based upon the foregoing, Ms. Slachta alleges that Defendants did violate Title VII of the Civil Rights Act.

## COUNT FOUR
### SEX DISCRIMINATION IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

56. All previous paragraphs are incorporated herein and referenced as if set forth in full.

57. Based upon the foregoing, Ms. Slachta alleges that Defendants did violate the Pennsylvania Human Relations act.

WHEREFORE, Ms. Slachta respectfully requests that this Court:

(a) Enter a declaratory judgment that Defendant's action, policies, practices and procedures complained of herein have violated and continue to violate the rights of Ms. Slachta as secured by the statutes of the United States and the Constitution, statutes and common law of the Commonwealth of Pennsylvania;

(b) For Count One, award to Ms. Slachta back pay and front pay damages for lost income and benefits at the same level as if she had been fully employed since her termination by Defendants, compensatory damages to compensate Ms. Slachta for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, emotional distress, anguish and humiliation, loss of her self-esteem and ability to provide herself with the rewards of her chosen career, liquidated damages, interest, costs, disbursements and reasonable attorney fees; and

(c) For Count Two, award to Ms. Slachta an amount to be determined at trial, including back pay and front pay damages for lost income and benefits at the same level as if she had been fully employed since her termination by Defendants, compensatory damages to compensate Ms. Slachta for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, emotional distress, anguish and humiliation, loss of her self-esteem and ability to provide herself with the rewards of her chosen career, interest, costs, disbursements and reasonable attorney fees; and

(e) For Count Three, award to Ms. Slachta an amount to be determined at trial, including back pay and front pay damages for lost income and benefits at the same level as if she had been fully employed since her termination by Defendants, compensatory damages to

compensate Ms. Slachta for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, emotional distress, anguish and humiliation, loss of her self-esteem and ability to provide herself with the rewards of her chosen career, punitive or exemplary damages in a monetary award in order to discourage future unlawful behavior, interest, costs, disbursements and reasonable attorney fees; and

(f) For Count Four, award to Ms. Slachta award to Ms. Slachta an amount to be determined at trial, including back pay and front pay damages for lost income and benefits at the same level as if she had been fully employed since her termination by Defendants, compensatory damages to compensate Ms. Slachta for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, emotional distress, anguish and humiliation, loss of her self-esteem and ability to provide herself with the rewards of her chosen care; and

(g) Grant to Ms. Slachta such additional relief as this Court deems just and proper.

## DEMAND FOR JURY

Plaintiff demands a jury trial for all claims triable by a jury.

S/George R. Barron
George R. Barron, Esquire
Counsel for Plaintiff PA ID. #88747
88 North Franklin Street
Wilkes Barre, PA 18701
(570) 824-3088
